478

John Mager *v.* H. H. Robertson Company and Workmen's Compensation Appeal Board. John Mager, Appellant.

Argued October 28, 1976, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Alexander J. Pentecost,* for appellant.

*Thomas J. Ferris,* with him *James N. Diefenderfer,* for appellees.

Opinion by Judge Rogers, December 13, 1976:

The appellant, John Mager, a workmen's compensation claimant, injured his knee on March 18, 1967 while in the employ of H. H. Robertson Company. He was paid workmen's compensation benefits for total disability under an agreement until October 19, 1967, when he returned to work without loss of earnings and executed a final receipt. Mr. Mager continued to work until April 4, 1971, when he again experienced difficulty with his knee. After consultation with his physician, he was hospitalized and underwent additional surgery. The claimant never returned to work, applied for and received Social Security disability benefits and a disability pension from H. H. Robertson Company. On July 11, 1974, Mr. Mager filed a Review Petition alleging that he was totally disabled as a result of the 1967 accident.

The compensation authorities properly treated the claimant's application as a petition to set aside a final receipt. The employer defended on the ground that the petition was barred by the statute of limitations. The referee found that the employer had coerced the claimant into signing the final receipt, set aside the final receipt and awarded compensation benefits beginning April 4, 1971. The Workmen's Compensation Appeal Board reversed. We affirm the Board.

The Board concluded that the claimant's case was barred by Section 434 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1001, which reads:

A final receipt, given by an employe or dependent entitled to compensation under a compensation agreement or award, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement or award: Provided, however, That the board, or

a referee designated by the board, may, at any time within two years from the date to which payments have been made, set aside a final receipt, upon petition filed with the board, if it be conclusively proved that all disability due to the accident in fact had not terminated.

The claimant's application, filed in July, 1974, seven years after the execution of the final receipt, is barred unless the record contains clear and precise evidence that the claimant was induced to sign the receipt by means of fraud, deception or other improper action of the employer. *Dennis v. E. J. Lavino and Co.*, 203 Pa. Superior Ct. 357, 201 A.2d 276 (1964); *Thorn v. Strawbridge and Clothier*, 191 Pa. Superior Ct. 59, 155 A.2d 414 (1959). The claimant, who did not remember signing a final receipt, nevertheless says that the referee's finding that coercion was practiced is supported by the testimony of the employer's representative and that it was its practice in 1967 not to permit an injured worker to resume his employment or to deliver final compensation checks unless the employe signed a final receipt. He relies upon *Climax Molybdenum Company v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 249, 325 A.2d 822 (1974). There we held that a final receipt obtained under circumstances which lead the employe to believe he was signing a receipt only for his last compensation check, should be set aside. There is no evidence in the instant record of any attempt to mislead or deceive the claimant as to what he was signing or as to its effect. Nor do we think it is coercive to condition delivery of the final compensation check and reinstatement on the job upon execution of a final receipt. If the employe is not then able to work or is unwilling to state that he is, he has the choice to, and should, remain on compensation; and, even if his return to work proves to have

been premature, he had, in 1967, two years[1] in which to petition to set aside the receipt.

We, therefore, agree with the result reached by the Appeal Board and make the following

ORDER

AND Now, this 13th day of December, 1976, it is Ordered that the March 11, 1976 order of the Workmen's Compensation Appeal Board dismissing the claimant's petition be and it is hereby affirmed.

---

[1] This limitation has been increased to three years by the Act of December 5, 1974, P.L. 782, 77 P.S. (1976-77 Supp.) §1001.