Lackawanna Refuse and United States Fidelity and Guaranty Company, Petitioners *v.* Workmen's Compensation Appeal Board (Arthur Christiano), Respondents.

Submitted on briefs April 4, 1983, to Judges BLATT, MACPHAIL and DOYLE, sitting as a panel of three.

*Cal A. Leventhal,* for petitioners.

*William C. Steppacher,* for respondents.

OPINION BY JUDGE BLATT, May 12, 1983:

Lackawanna Refuse and the United States Fidelity and Guaranty Company (petitioners) appeal an order of the Pennsylvania Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting the claimant's petition to set aside a final receipt.

This matter is essentially a dispute between the claimant's former and current employers, or, more precisely, between their respective insurance companies, as to who is responsible for his current disability. We agree with the Board that:

The law is clear. If the current disability is an "aggravation" of the prior injury, there has been a new injury. Under these circumstances the carrier who was insuring an employer when the aggravation occurred is the responsible carrier. Bud Smail Lincoln Mercury v. Workmen's Compensation Appeal Board, [59 Pa. Commonwealth Ct. 638], 430 A.2d 719 (1981). On the other hand if the disability is a recurrence of disability as a result of a prior injury, then the carrier who was insuring at the time of the original injury is responsible.

The essential facts in this matter, as found by the referee, are as follows. On July 18, 1979, the petitioners filed a notice of compensation payable to the claimant for disability following an injury which was described as a "cerebral concussion—cervical strain red chip fracture C 5 body." On August 1, 1979 the claimant signed a final receipt acknowledging his ability to return to his duties, and he continued to work for Lackawanna Refuse until October 10, 1979 when he

began his employment for Atlas Industries (Atlas). In his job with Atlas, he was required to pick up and carry molds, weighing about 60 pounds throughout his entire shift. The referee specifically found that "[a]s a result the pain in his neck became worse" and the claimant was unable to work after March 4, 1980. Since this date, the claimant has been restricted to light work and there is no evidence that such work is available to him. The referee then found that the claimant's disability on March 4, 1980 was caused by a recurrence of his injury at Lackawanna Refuse, and, on this basis, his petition to set aside the final receipt was granted. Upon appeal, the Board affirmed.

Our scope of review in workmen's compensation cases where, as here, the party with the burden of proof[1] has prevailed below and the Board has taken no additional evidence, is limited to whether or not the referee's findings were supported by substantial evidence in the record or if there has been an error of law committed, leaving questions of evidentiary weight and credibility to the referee. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

It is clear that whether a disability *results* from a new injury (here allegedly an aggravation of a prior condition) or is a recurrence of a prior work-related condition (here the Lackawanna Refuse injury) is a question of fact to be determined by the referee. *Burton v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 476, 431 A.2d 1164 (1981); *see City of Williamsport v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 618, 423 A.2d 817 (1980); *United Industrial Maintenance v. Workmen's*

---

[1] *Interstate United Corp. v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 385, 424 A.2d 1015 (1981).

*Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 156, 405 A.2d 1360 (1979). We must, therefore, examine the record to determine whether or not it contains substantial evidence which would support the referee's finding that the claimant's disability as of March 4, 1980 was a result of the recurrence of his prior injury at Lackawanna Refuse. A review of the record, however, reveals much conflicting testimony. The claimant testified that, when he started working at Atlas, he still was experiencing "the same sort of pain" he had suffered subsequent to and as a result of his accident at Lackawanna Refuse. He also testified that, in spite of this pain, he continued to work for Atlas until the pain grew to a point that forced him, upon the advice of his physician, to terminate his employment there. The petitioners' medical expert, on the other hand, testified that the claimant's "heavier type of work" at Atlas "aggravated his previous cervical problem." The referee chose to believe and to assign great weight to the claimant's testimony and rejected the testimony of the petitioners' expert. This, of course, he could properly do as the factfinder. *American Refrigerator Equipment Co.* And although we might have found differently, had we been the factfinder, we cannot say that the claimant's testimony did not constitute evidence which a reasonable mind *might* accept to support the conclusion reached. *Pittsburgh Des Moines Steel Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 530, 377 A.2d 833 (1977) (substantial evidence defined).

We will, therefore, affirm the Board's order.

ORDER

AND Now, this 12th day of May, 1983, the order of the Pennsylvania Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.