562 A.2d 958

**EAST WEST EQUIPMENT COMPANY, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (MONARCH CIRCUIT INDUSTRIES and Barats), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 3, 1989.

Decided Aug. 1, 1989.

Glenn D. Hains, Durben & Hains, P.C., Newtown, for petitioner.

Peter J. Weber, and Lynn G. Levy, Rawle & Henderson, Philadelphia, for Monarch Circuit Ind.

Thomas W. Harrigan, Stack & Gallagher, P.C., Philadelphia, for Delbert Barats.

Before CRUMLISH, Jr., President Judge, and COLINS, J., and NARICK, Senior Judge.

## OPINION

CRUMLISH, Jr., President Judge.

East West Equipment Company (East West) appeals a Workmen's Compensation Appeal Board order affirming the referee's decision and denying its petition to terminate benefits to Delbert Barats. We reverse and remand.

In January 1978, Barats suffered a back injury while working for East West and received benefits. He subsequently returned to light-duty work for another employer, Monarch Circuit Industries, Inc. (Monarch), and again sustained a back injury in July 1980. Monarch executed a notice of compensation payable for this latter injury. Both employers subsequently filed termination petitions which were consolidated for disposition.[1] The referee originally denied both termination petitions and apportioned liability for Barats' post-July 1980 disability equally between East West and Monarch.

1. Although benefits were suspended upon Barats' employment with Monarch, East West did not file the instant petition until after Barats' July 1980 injury. In that petition, East West avers Barats' return to employment as the basis for termination. Monarch's termination petition alleges that Barats has recovered from his July 1980 injury and is able to perform his prior work, despite the fact that Barats' position was eliminated because of an economic layoff.

The Board reversed the referee's decision and, on remand, the referee determined that the July 1980 injury constituted a recurrence of the January 1978 injury and deemed East West solely responsible. The Board then affirmed and additionally disposed of Monarch's petition by denying its termination petition but granting a suspension of its obligation to pay benefits.

East West initially contends that the referee's finding on remand that Barats sustained a recurrence of his January 1978 back injury is unsupported by the record. East West maintains that Dr. Thomas Javian, Jr., whose testimony the referee credited in its entirety, consistently opined that Barats' post-July 1980 disability was caused by *both* work injuries. East West further argues that the referee was precluded from finding a recurrence of the first injury once he found that a second injury had occurred for which Monarch had executed a notice of compensation payable. Monarch counters that the Board correctly denied East West's termination petition but erred in relying on Dr. Javian's equivocal testimony as to causation and erroneously denied its termination petition.

A party seeking to terminate workmen's compensation benefits bears the burden of proving either that the work-related disability has ceased or that the continued disability is the result of an independent cause. *McGee v. L.F. Grammes & Sons,* 477 Pa. 143, 383 A.2d 864 (1978). In this dispute between former and current employers, East West attempted to show that Barats' post-July 1980 disability was an "aggravation" of his prior injury, thus imposing liability on Monarch, the employer at the time the aggravation occurred, *Bud Smail Lincoln Mercury v. Workmen's Compensation Appeal Board,* 59 Pa.Commonwealth Ct. 638, 430 A.2d 719 (1981). Conversely, Monarch presented evidence that Barats suffered a "recurrence" of disability making East West liable. *Lackawanna Refuse v. Workmen's Compensation Appeal Board (Christiano),* 74 Pa. Commonwealth Ct. 286, 459 A.2d 899 (1983). This issue is ordinarily a question of fact to be determined by the ref-

eree, *Lackawanna Refuse*, and will not be disturbed if supported by substantial evidence.

In response to counsel's questions concerning the extent that each injury contributed to Barats' post–1980 disability, Dr. Javian testified, in relevant part, as follows:

A   That that injury in '78 and the subsequent injury in 1980 both contributed to his current problem.

Q   . . . .

A   That the injury in 1980, July, 1980 two years prior is a contributing cause to his current condition.

. . . .

The way I see it, from my point of view, is that this [1980] incident hanging on the pipes was also a contributing factor to his current situation.

. . . .

THE WITNESS: [The objective findings of disability] were the same following both episodes, but I can't say what caused it. I said they both caused his current situation, and I can't break it down that the first incident was 50 percent and the second was 50 percent. It's impossible for me to break it down, and I just said that both of the incidents were contributing to his current condition, the condition the way he is today. I understand what you're trying to say, but from my vantage point, he told me he is [sic] fine before the first incident. Following the incident, he had back pain. Obviously that incident had some contribution to his current condition. He had a second incident in July, '80 and that also had some contribution or contributed somewhat to his current condition. That's how I see it. Now, what percentage of what, it's hard to say.

Notes of Testimony (N.T.), 8/18/82, pp. 32–34, 47–49.

■   Upon review of the testimony, we conclude that the referee's finding of a recurrence attributable solely to the January 1978 injury is not supported by substantial evidence. Dr. Javian clearly indicated causation attributable to both injuries. His opinion is not rendered equivocal and thus legally incompetent merely because he could not speci-

fy the degree of contribution each injury had to Barats' present disability. Medical science is not so advanced as to permit such an exact measurement of causation in every case, particularly in light of the amorphous and chronic nature of back disability.

■ While Dr. Javian's testimony constitutes competent testimony, it does not support the referee's initial decision *equally* apportioning liability.[2] Nor does Dr. Javian's testimony support the termination petitions filed by the respective employers. Therefore, because Monarch accepted liability for Barats' post-July 1980 disability by executing a notice of compensation payable, it remains liable for full disability benefits. *See Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.)*, 502 Pa. 178, 465 A.2d 969 (1983) (filing notice of compensation payable after investigating cause of disability constitutes admission of employer's liability); *Crucible Steel Co. of America v. Skwarko*, 9 Pa.Commonwealth Ct. 269, 306 A.2d 395 (1973).

■ We also conclude that East West has failed to sustain its burden of proving that disability attributable to Barats' January 1978 injury ceased. Moreover, Barats has demonstrated that the reasons for the benefits suspension following his return to work no longer exist; that is, residual disability from the 1978 back injury has again manifested itself in a loss of earning power. *Andersen v. Workmen's Compensation Appeal Board (National Forge Co.)*, 113 Pa.Commonwealth Ct. 601, 537 A.2d 971 (1988).

**2.** In its opinion remanding the matter to the referee, the Board concluded that the referee had erred in apportioning liability between the two employers because there was no provision within The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1603, allowing an allocation of liability. While a division of liability might minimize the inequity imposed on either employer, we likewise find no authority in the Act or in Pennsylvania caselaw which recognizes this remedy, and thus we decline to adopt this solution. We note that apportionment of liability between successive employers and their respective insurance carriers has been recognized in several jurisdictions. *United Painters & Decorators v. Britton*, 301 F.2d 560 (D.C.Cir.1962); *Quinn v. Automatic Sprinkler Co.*, 50 N.J. Superior Ct. 468, 142 A.2d 655 (1958); *Anderson v. Babcock and Wilcox Co.*, 256 N.Y. 146, 175 N.E. 654 (1931). 4 Larson's Workmen's Compensation Law § 95.31.

However, because this proceeding was initiated by the respective employers, and neither employer has sustained its burden of proof, we hold that the referee and the Board erred in changing the status quo at the time these termination proceedings were initiated. While we acknowledge the disincentive this decision might create for subsequent employers to promptly execute a compensation agreement after a previously injured employee becomes reinjured, we decline to fashion a remedy not encompassed by the Workmen's Compensation Act. We cannot approve a finding that East West is solely liable where, as here, the medical evidence indicates dual causation and the subsequent employer has accepted liability immediately after the latter injury.

Accordingly, we reverse the decision of the Board and remand for entry of the appropriate order imposing liability for Barats' post-July 1980 disability on Monarch.

### ORDER

The Workmen's Compensation Appeal Board order, No. A–93268 dated September 13, 1988, is reversed and this case is remanded in accordance with the preceding opinion.

Jurisdiction relinquished.