571 A.2d 5

**PACEMAKER DRIVER SERVICE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (MERMAN and Fireman's Fund Insurance Company), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 27, 1989.

Decided March 7, 1990.

Roger E. Legg, Legg, Wilson & Smith, West Chester, for petitioner.

David S. Kluxen, Jr., Kluxen, Knisely & Newcomer, Lancaster, for respondent, Samuel Merman.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

The matter before us concerns a reinstatement petition filed by Samuel Merman (Claimant) for benefits under the provisions of The Pennsylvania Workmen's Compensation

Act (Act).[1]  Following a series of hearings, the referee granted Claimant's petition and ordered that benefits be paid to Claimant by Fireman's Fund Insurance Company (Fireman's Fund).  On appeal, the Workmen's Compensation Appeal Board (Board) modified the order of the referee, and directed that benefits be paid instead by Travelers Insurance Company (Travelers).  Travelers now brings this petition for review, requesting that the order of the Board be reversed and the referee's decision reinstated.

The facts are as follows.  Claimant was employed as a truck driver by Pacemaker Driver Service (Employer) when, while in the scope of his employment, Claimant was involved in a truck accident on July 5, 1984.  At this time, Employer was insured by Fireman's Fund.  Claimant received compensation benefits from Fireman's Fund following this accident.  On September 5, 1984, Claimant returned to work with Employer, and a Final Receipt was signed by Claimant on October 15, 1984.

At this point, Employer changed insurers.  From October 23, 1984 onward, Travelers replaced Fireman's Fund as Employer's insurer.  On this same date, October 23, 1984, Claimant was again injured, while in the scope of his employment, when he fell from the back of a truck while delivering material to a customer.  Claimant again received compensation benefits, this time paid by Travelers.  Claimant never returned to work with Employer following the October 23, 1984 accident.

In September of 1985, Travelers filed a suspension petition and requested a supersedeas,[2] alleging that any continuing disability experienced by Claimant was caused by the earlier accident of July 1984.  Claimant's response was to file a reinstatement petition against Fireman's Fund.

The referee consolidated these petitions for hearing purposes.  Following Claimant's testimony, at the hearing of March 21, 1986, the referee granted a supersedeas for

1.  Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

2.  A supersedeas scheme has been created at Section 443 of the Act, 77 P.S. § 999.

partial disability. Medical testimony was offered by Travelers through the deposition of its medical expert, Dr. Vernon R. Morris. Claimant offered the deposition testimony of his medical expert, Dr. James P. Argires.

Dr. Morris examined Claimant several times in 1985, and treated him for wrist injuries which had been sustained in the October 1984 accident. Dr. Morris last examined Claimant on September 5, 1985, and testified, as found by the referee, that:

> as of September 5, 1985, the portion of his injury then [sic] was caused by the accident in New York State on October 23, 1984, was cleared up enough for him to return to work as of that date, however, he was still totally disabled from the previous neck and back injury, it being, in his opinion the cause of his existing disability as of September 5, 1985. This Referee accepts this portion of the testimony as competent and credible.

(Finding of Fact No. 8).

Dr. Argires testified that he had treated Claimant both prior to and following the October 1984 accident. The referee found as to Dr. Argires' testimony as follows:

> ... that it was his opinion that the October 1984 injury has in fact aggravated the Claimant's pre-existing condition in regards to his neck and back, that Claimant had degenerative joint disease in his neck and that the cause of his current condition and existing disability is due to the first accident and or injury in July of 1984. This Referee accepts this portion of testimony as competent and credible.

(Finding of Fact No. 9).

The referee concluded that Claimant became temporarily totally disabled as a result of the October 23, 1984 accident, and was entitled to receive compensation benefits under the Act from Travelers for a time period commencing October 24, 1984 and ending September 4, 1985. (Conclusion of Law No. 2). The referee also concluded that, thereafter, Claimant's current disability resulted from a recurrence of injuries received in the July 5, 1984 accident. Therefore, the

referee granted Travelers' petition for suspension of benefits, and granted Claimant's reinstatement petition, awarding Claimant compensation for temporary total disability, payable by Fireman's Fund, for the time period running from September 5, 1985 to September 7, 1986. (Conclusion of Law No. 3). On September 8, 1986, Claimant became employed as a custodian with the Cocalico School District. However, the referee concluded that Claimant was still entitled to compensation for partial disability, commencing September 8, 1986 and continuing into the future. (Conclusion of Law No. 4).

Fireman's Fund appealed to the Board, alleging that the referee erred in granting Claimant's reinstatement petition. In considering the appeal, the Board focussed on Finding of Fact No. 9, in which Dr. Argires testified that the October 1984 injury *aggravated* Claimant's pre-existing condition, and perceived this finding to be inconsistent with Conclusion of Law No. 3, in which the referee concluded that Claimant's continuing disability after September 5, 1985, was the result of a *recurrence* of the July 1984 injury. Having determined that the referee's findings were supported by substantial, competent evidence, the Board resolved this perceived inconsistency by rejecting the referee's legal conclusions that required Fireman's Fund to pay compensation to Claimant. The Board then ordered modification of the referee's decision so as to direct that Travelers, rather than Fireman's Fund, be responsible for paying compensation to Claimant for the time period from September 5, 1985 to September 7, 1986, and the time period beginning September 8, 1986, and continuing into the future.

Case law provides that, if a disability is an aggravation of a prior injury, there has been a new injury, and the responsible carrier is the employer's insurer at the time when the aggravation occurs. However, if the disability is the recurrence of a disability resulting from a prior injury, then the responsible carrier is the carrier which served as the employer's insurer at the time of the prior injury.

*Lackawanna Refuse and United States Fidelity and Guaranty Co. v. Workmen's Compensation Appeal Board (Christiano)*, 74 Pa.Commonwealth Ct. 286, 459 A.2d 899 (1983). Whether a disability results from an aggravation of a pre-existing condition or is a recurrence of a prior injury is a question of fact to be determined by the referee. *Id.*

In the present case, the referee made a finding that the October 1984 accident aggravated Claimant's pre-existing condition, affecting his neck and back. No specific finding was made that the continuing disability of Claimant following Dr. Morris' examination, on September 5, 1985, was due to a recurrence of Claimant's prior injury, yet this is the referee's conclusion. We understand the Board's confusion with respect to the referee's determination, given the distinction which has been drawn between these two concepts by our courts, but we disagree with the action taken by the Board in its attempt to clarify this situation. We believe that the Board erred in simply deciding that there was no factual support for the referee's legal conclusion, without giving the referee an opportunity to explain his decision or correct any inconsistencies.

Although the referee's findings are deficient in this particular case, we wish to emphasize that the result reached by the referee is not inherently erroneous. It is possible, under circumstances such as are presented here, where a claimant has experienced work-related injuries on two separate occasions, for an aggravation of a pre-existing condition brought on by the second work-related injury to be a temporary circumstance, so that any remaining disability suffered by a claimant might properly be determined to result from a recurrence of the prior injury, if there is evidence to support such a conclusion.

Thus, it is possible that this is the conclusion which was reached by the referee in the present case. If so, the referee should have made additional findings which would support such a conclusion. We find that it was error for the Board, when presented with this case, to simply modify the referee's order in an effort to make the referee's

findings consistent with his legal conclusions. Rather, the Board should have remanded this matter to the referee with instructions that he make additional findings which would clarify the situation. This is the course of action which we now take.

We reverse the order which the Board has entered in this case. Furthermore, we order that this matter be remanded to the referee, and direct that he make additional findings which specifically address the following questions:

I. What has been the cause or causes of Claimant's disability from October 23, 1984 onward for each of the three distinct time periods identified in the referee's Conclusions of Law Nos. 2, 3 and 4:

A. Was the disability due to the aggravation of Claimant's pre-existing condition alone.

B. Was the disability due to a recurrence of Claimant's prior injury alone.

C. Was the disability due in part to both the aggravation and the recurrence, and if so, what is the percentage of the present disability related to each.

II. Which insurance carrier bears responsibility for paying benefits for each of the three distinct time periods identified in the referee's Conclusions of Law, Nos. 2, 3 and 4, and further determining:

A. Has there been overpayment by either insurance carrier in this case.

B. What is the extent of any such overpayment, which might then become a claim against the Workmen's Compensation Supersedeas Fund, Section 443(b) of the Act, 77 P.S. § 999(b).[3]

## ORDER

AND NOW, March 7, 1990, the order of the Workmen's Compensation Appeal Board, dated June 13, 1989, No. A–95485, is hereby reversed, and the case is remanded to the

3. Travelers requested supersedeas in its petition for suspension. Fireman's Fund requested supersedeas in its appeal to the Board.

referee for further proceedings and findings as required by the foregoing opinion.

Jurisdiction relinquished.