571 A.2d 549

**Rose Mary MAVRICH, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (PHOENIX GLASS/ANCHOR HOCKING CORPORATION), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted Jan. 26, 1990.

Decided March 9, 1990.

Richard J. Schubert, Caroselli, Spagnolli & Beachler, for petitioner.

Michael Relich, Faderewski & Herrington, for respondent, Phoenix Glass/Anchor Hocking Corp.

Before CRAIG and COLINS, JJ., NARICK, Senior Judge.

NARICK, Senior Judge.

Rose Mary Mavrich (Claimant) appeals the Workmen's Compensation Appeal Board's (Board's) decision affirming the referee's denial of additional compensation for partial disability. We affirm.

The facts as found by the referee are as follows. On August 22, 1984, Claimant suffered a work-related back injury for which she received compensation at a weekly rate of $214.57, based upon a time of injury wage of $321.81. Claimant received that amount from August 22, 1984 through January 15, 1985, the day after which she returned to lighter and more moderate work.

Additionally, he found that the sole issue before him was whether Phoenix Glass/Anchor Hocking Corporation (Employer) had paid Claimant the correct amount of compensation for the period of January 16, 1985 through June 16, 1986, when she performed light duty work for Employer. On June 17, 1986, Claimant returned to her regular work with Employer, with no loss of earning power. After reviewing both parties' exhibits containing their respective calculations, the referee found that Employer's version was more credible and that Claimant had in fact been overpaid compensation in the total amount of $224.73 for the above period at issue. The Board affirmed on the basis that "[w]e feel nine months is sufficient time for the respective parties to stipulate on the correct rate of compensation. We shall accept as fact the figure which the learned referee used and will therefore dismiss the appeal by Claimant." (Board's opinion p. 2.)

The issue before us is whether the referee's computations for weekly partial disability are in accordance with Section 306(b) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 512 and whether his findings supporting those computations are based on substantial evidence. We note that our scope of review here is whether an error of law has been committed, any constitutional rights have been violated or whether all findings of fact are supported by substantial evidence. *Estate of McGovern v. State Employes' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

As per Section 306(b) of the Act, compensation for partial disability is to be calculated as sixty-six and two-thirds per centum (66⅔%) of the difference between an injured em-

ployee's wages and his or her post-injury "earning power." It is well established that compensation authorities have the discretion to assign the amount of weight to be given to the determining factors of partial disability earning power. *Modern Cooler Co. v. Workmen's Compensation Appeal Board (Driscoll)*, 18 Pa.Commonwealth Ct. 22, 333 A.2d 811 (1975). Those factors are as follows: actual wages received post injury, the nature and extent of the physical harm or disability, the employee's productivity and efficiency in the identical job compared with what it was pre-injury and the employee's capacity to earn wages in any type of job compatible with his abilities. *Michael v. Roadway Express, Inc.*, 211 Pa.Superior Ct. 238, 235 A.2d 627 (1967).

Claimant contends that she suffered a loss of earnings due to her August 22, 1984 work injury and that Employer offered no proof that her time off from work, which lowered the amount paid, was unrelated to her disability caused by that injury. Employer claims that if any wage loss has occurred, it is not related to the work injury and that Claimant presented no evidence that her absences from work arose from her disability.

This Court has found no caselaw which clearly establishes which party has the burden of establishing whether Claimant's work absences were caused by the work-related injury that produced the disability. After examining the record, we agree with both parties that neither produced evidence as to whether Claimant missed work "for reasons not connected with or arising out of the disability resulting from the injury ..." Section 306(b). Because there were a total of four hearings in this matter, which took place over a nine-month time frame, and Claimant never presented evidence as to the cause of her absences, we find that the referee committed no error in choosing Employer's calculations over those of Claimant. Certainly, Claimant is in a superior position to have knowledge of why she was unable to report to the light duty work created especially for her. We do not accept Claimant's contention that if Employer has presented no evidence on that issue,

then there should be a presumption that the absences stemmed from the work-related injury.

For these reasons, we affirm.

## ORDER

AND NOW, this 9th day of March, 1990, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.