591 A.2d 372

**Randy L. McGUIRE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (H.B. DEVINEY COMPANY, SUB. OF J.M. SMUCKER, CO.), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 18, 1991.

Decided May 16, 1991.

Martin Singer, Caroselli, Spagnoli & Beachler, Pittsburgh, for petitioner.

Dale A. Cable, Fried, Kane, Walters & Zuschlag, Pittsburgh, for respondents.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Randy L. McGuire (Claimant) petitions for review of the September 7, 1990 order of the Workmen's Compensation Appeal Board (Board) affirming the decision of a referee which granted total disability benefits to Claimant but declined to award attorney's fees to Claimant pursuant to Section 440 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by Act of February 8, 1972, P.L. 25, 77 P.S. § 996.[1] Claimant seeks review of the denial of attorney's fee only. The sole issue in this case is whether the testimony of Employer's lay witnesses constitutes sufficient evidence to establish a reasonable basis for contest of Claimant's claim.

On June 17, 1988, Claimant filed a claim petition alleging that he injured his lower back on April 21, 1988 during the course of his employment with H.B. Deviney Company, subdivision of J.M. Smucker, Company (Employer), while unloading a peanut truck. On July 11, 1988, Employer filed an answer denying the petition. Thereafter, Claimant amended the petition to include a request for attorney's fees and costs on grounds of Employer's unreasonable contest and delays.

The referee conducted several hearings, wherein Claimant presented the following medical evidence: (1) Arm-

---

1. Section 440 of the Act provides in pertinent part:
 In any contested case where the insurer has contested liability in whole or in part, the employe ... in whose favor the matter at issue has been finally determined shall be awarded, ... a reasonable sum for costs incurred for attorney's fee ...: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established....

strong County Memorial Hospital, Inpatient Admissions Report dated May 24, 1988; (2) Clarion Osteopathic Hospital records of Claimant's physical therapy; (3) medical report and deposition testimony of Peter N. Sotos, M.D.; and (4) the medical report of James Cosgrove, M.D. dated January 18, 1989. Employer presented the testimony of two of its employees, Stephen Wyant and Dennis Armstrong.

■■■■ At the close of the record, the referee made the following relevant findings of fact:

6. On April 21, 1988 the claimant sought the medical care of Dr. Marks, his family physician, who treated him conservatively prior to referring him to Dr. Peter Sotos. Dr. Sotos, a board eligible orthopedic surgeon, testified by deposition on behalf the [sic] the claimant. He initially examined the claimant on May 19, 1988 and based on said examination, the personal and occupational histories, review of CAT scans and myelogram, it was his professional opinion that the claimant suffered a lumbosacral sprain with a small protrusion of the disc at L5–S1 level. As of the deposition date, October 14, 1988, the claimant was unable to perform his pre-injury position. It is expected at some point he would be able to return to work.

. . . .

8. The report of James Cosgrove, M.D., Claimant's Exhibit # 4 is admitted into the record over defendant's objection on *Koppers vs WCAB 249 A.2d.* [sic] insomuch as it corroborates the opinions of Dr. Sotos. It further restricts the claimant's working capabilities to light work per the examination of January 18, 1989 with a lifting restriction of twenty-five (25) pounds. A re-evaluation was to take place in two months.

9. Based on a careful review of the record, I find the opinions submitted by the claimant, Drs. Sotos and Cosgrove, as corroborative to be credible. The testimony of the defendant's witnesses, Stephen Wyant and Dennis Armstrong, were considered.

. . . .

16. A reasonable basis for contest exists.

Based upon her findings of fact, the referee determined that a reasonable basis for Employer's contest existed and therefore denied Claimant's request for attorney's fees. Conclusions of Law No. 9. Thereupon, Claimant appealed to the Board, alleging error in the referee's conclusion. By opinion and order dated September 7, 1990, the Board affirmed the referee's determination that the contest of Employer was reasonable and that attorney's fees should not be awarded pursuant to Section 440 of the Act. Claimant now challenges the order of the Board.[2]

Claimant contends that Employer failed to present sufficient evidence which would support the conclusion of the Board and the referee that Employer established a reasonable basis to contest liability. In particular, Claimant notes that Employer produced no medical evidence rebutting Claimant's prima facie showing that the April 21, 1988 work-related injury caused a continuing compensable disability. Claimant further argues that Employer's lay witnesses testified only to the possibility of a pre-existing condition which does not affect Claimant's eligibility for compensation of his work-related injury, and therefore, Employer has not established a reasonable contest barring an award of attorney's fees. Alternatively, Employer argues that the testimony of its witnesses forms the basis for a reasonable contest.

 This Court has held that a prevailing claimant is entitled to an award of attorney's fees pursuant to Section 440 unless the record supports a conclusion that the employer had a reasonable basis for contesting liability. *Penczkowski v. Workmen's Compensation Appeal Board (Foster–Wheeler Energy Corp.)*, 97 Pa. Commonwealth Ct. 419,

2. This Court's scope of review is limited to determining whether constitutional rights were violated; an error of law was committed; or necessary findings of fact are supported by substantial evidence. *North Philadelphia Aviation Center v. Workmen's Compensation Appeal Board (Regan)*, 121 Pa.Commonwealth Ct. 633, 551 A.2d 609 (1988).

509 A.2d 964 (1986). Reasonableness of an employer's contest depends upon whether the contest was prompted to resolve a genuinely disputed issue or merely to harass the claimant. *Thissen v. Workmen's Compensation Appeal Board (Hall's Motor Transit)*, 137 Pa.Commonwealth Ct. 227, 585 A.2d 612 (1991). Moreover, "[a]n issue of credibility is a legitimate and reasonable subject of inquiry and challenge." *Cleaver v. Workmen's Compensation Appeal Board (Robert E. Wiley/Continental Food Service)*, 72 Pa.Commonwealth Ct. 487, 490, 456 A.2d 1162, 1164 (1983). Finally, an employer's contest may be adjudged reasonable where the evidence lends itself to contrary inferences. *Thissen; Landis v. Workmen's Compensation Appeal Board*, 43 Pa.Commonwealth Ct. 491, 402 A.2d 723 (1979). An analysis of the law and review of the record in the present case demonstrate that the evidence lends itself to contrary inferences sufficient to establish a reasonable contest.

Employer presented Mr. Wyant's testimony that he informed an investigator for Employer's insurer that Claimant complained to him of lower back pain over one week preceding Claimant's April 21, 1988 work-related injury and that he did not recall Claimant complaining of back pain on that day. February 24, 1989 Hearing, N.T., pp. 7–10, 12. Employer also presented the testimony of its plant manager, Mr. Armstrong, who testified that Claimant was a member of Employer's safety committee and was therefore aware of Employer's procedure for the immediate reporting of work accidents; that Claimant did not follow this procedure, but reported his injury when confronted by Mr. Armstrong five days after the date of the alleged incident; and that supervisors and production managers indicated to him that Claimant had back problems prior to April 21, 1988. *Id.* at 20–23. This testimony raised sufficient doubts concerning the alleged incident and provided a reasonable basis for Employer's contesting liability.

In *Cleaver*, this Court held that the employer's contest to a claim petition was not rendered unreasonable

merely because the employer chose not to present medical evidence and, instead, relied upon the cross-examination of claimant's medical witness and testimony of lay witnesses in employer's case to show that the claimant's injury was not work-related. Claimant seeks to distinguish *Cleaver* by arguing that the testimony of Employer's witnesses did not challenge whether he suffered a work-related injury on April 21, 1988 and further that such testimony could not have proven that he was not injured at work on that day. It is not necessary that the testimony of Employer's witnesses conclusively establish that Claimant did not suffer a work-related injury on the date in question; rather, the focus of inquiry is "whether the opinion of the witness provided a reasonable basis for the ... contest of the claim." *Cleaver*, 72 Pa.Commonwealth Ct. at 490, 456 A.2d at 1163–64, quoting *Spatola & Thompson v. Workmen's Compensation Appeal Board*, 43 Pa.Commonwealth Ct. 137, 142, 401 A.2d 877, 880 (1979). The testimony of Messrs. Wyant and Armstrong indicates that the issue of whether Claimant suffered a work-related injury on April 21, 1988 was genuinely in dispute and, therefore, provided a reasonable basis to contest liability.

Accordingly, the order of the Board affirming the referee's denial of attorney's fees based upon reasonable contest is affirmed.

## ORDER

AND NOW, this 16th day of May, 1991, the order of the Workmen's Compensation Appeal Board, dated September 7, 1990, is affirmed.