597 A.2d 1254

**Nula McGOLDRICK, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(ACME MARKETS, INC. and Kemper
Insurance Co.), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 21, 1990.

Decided Sept. 30, 1991.

As Amended Nov. 25, 1991.

Reargument Denied Jan. 10, 1992.

560

Paul Auerbach, for petitioner.

James M. Connelly, for respondents.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

BYER, Judge.

Nula McGoldrick appeals an order of the Workmen's Compensation Appeal Board (WCAB) affirming a referee's decision which granted McGoldrick's petition to set aside a final receipt, denied her request for penalties and counsel fees, and dismissed Acme Markets, Inc.'s (Acme) petition for termination.

The referee found that in March 1981, McGoldrick was employed by Acme as a bakery manager and suffered a work-related injury to her neck and back, for which she received workmen's compensation benefits. One month later, McGoldrick's doctor released her to return to her bakery manager position. While at work in July 1981, McGoldrick experienced pain in the previously injured portion of her back. Acme filed a notice of compensation payable for McGoldrick's July injury.

On August 10, 1981, McGoldrick again returned to her bakery manager position. However, Acme would not pay

McGoldrick the compensation due for her recurrence until she signed a final receipt. Although McGoldrick continued to suffer from her injuries, she signed the final receipt in order to receive her compensation. McGoldrick was unable to perform her bakery manager job because her disability continued. Acme demoted her to the lower-paying position of cashier. McGoldrick still could not perform the cashier duties because of her disability and asked for lighter work. Acme had no lighter work available. On September 28, 1981, McGoldrick left her position.[1]

Acme filed a petition to terminate the March 21, 1981 notice of compensation payable. McGoldrick filed a petition to set aside the final receipt and a reinstatement petition. McGoldrick also requested that the referee award counsel fees and penalties.

The referee set aside the final receipt and granted McGoldrick's reinstatement petition. The referee denied Acme's request for termination of benefits. The referee found that Acme pressured McGoldrick to sign the final receipt; however, he did not award fees or penalties. The WCAB affirmed.

On appeal,[2] McGoldrick argues that: (1) the WCAB erred in affirming the referee's calculation of benefits; (2) the WCAB erred by not imposing penalties pursuant to section 440 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 991; and (3) the WCAB erred by not awarding legal fees pursuant to section 440 of the act, 77 P.S. § 996.

### Calculation of Benefits

McGoldrick argues that: (1) referee finding of fact 12 is inconsistent with the referee's conclusion of law 4 and,

1. McGoldrick did not work from September 26, 1981 to June 27, 1982 because of her continuing disability. During that time, Acme did not pay McGoldrick workmen's compensation benefits. On June 28, 1982, McGoldrick found light work at a bank.

2. Our scope of review is limited to determining whether constitutional rights were violated; an error of law was committed; or necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704.

therefore, the WCAB erred by not remanding to the referee for clarification; and (2) the referee erred in his calculation of benefits.

■ In finding of fact 12, the referee stated that "[o]n June 27, 1982 [McGoldrick] started working for the Olney Bank with weekly wages of *$145.00*." (Emphasis added). Conclusion of law 4 stated that Acme should pay McGoldrick compensation for her partial disability from June 28, 1982 through December 31, 1982, and calculated her benefits based on weekly earnings of *$160.00*. Because the referee stated in his findings that McGoldrick earned $145.00 but stated in his conclusions that she earned $160.00 from June 28, 1982 through December 31, 1982, we hold that the WCAB erred in not remanding this issue to the referee for clarification. *See Pacemaker Driver Service v. Workmen's Compensation Appeal Board (Merman and Fireman's Fund Insurance Company)*, 131 Pa.Commonwealth Ct. 560, 571 A.2d 5 (1990).

■ McGoldrick also argues that the referee erred in calculating her partial disability payments for the period from August 10, 1981 to September 27, 1981. McGoldrick left her job with Acme on September 27, 1981. At the June 8, 1983 hearing, Acme attempted to enter into the record Exhibit C–8 which showed items marked as "special hours" and "other salary" earned by McGoldrick during the week ending October 3, 1981. (Notes of Testimony, June 8, 1983 hearing, 43). The following dialogue ensued:

THE REFEREE: Is there any other exhibits [sic] to go in?

MR. AUERBACH [for McGoldrick]: Two more. And I might add, and for the record, I have asked in regard to this last exhibit, C–8, it has some items here listed as special hours and other salary, and I have asked counsel, because there was not time worked after September 28, 1981, and these figures appear on the week of October 3,

that what they are, and I asked that at Doctor Santange-lo's deposition, and counsel said he would try to get that information for me.

MR. LOWRY [for Acme]: I have not received a response to my inquiry.

MR. AUERBACH: Subject to that, I move that that be struck as wages, anyhow, until we find out that it is legitimate wages.

THE REFEREE: Next time you can submit it to the Referee.

(N.T. at 43–44).

We cannot determine, based on the record as a whole, whether the referee granted McGoldrick's motion that the exhibit be stricken from the record. Our review of the record shows no further explanation of McGoldrick's compensation during that time period. Because sick pay, holiday pay and vacation pay, after a claimant is out of work, is not an offset to workmen's compensation benefits, *Salukas v. Workmen's Compensation Appeal Board (Mack Trucks, Inc.)*, 90 Pa.Commonwealth Ct. 612, 496 A.2d 425 (1985), and because it is not clear from the record whether the referee used Exhibit C–8 to calculate McGoldrick's weekly wages and if so, whether he determined the source of the compensation for the week ending October 3, 1981, we remand to the referee for findings as to the nature of the compensation used to calculate McGoldrick's benefits from August 10, 1981 through September 27, 1981.

## Penalties

McGoldrick argues that because Acme pressured her to sign a final receipt, the referee erred by not imposing penalties on Acme pursuant to section 435(d) of the act, 77 P.S. § 991(d), which provides:

The department, the board, or any court which may hear any proceedings brought under this act shall have the

power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure....

■ We have held that a violation of the act or of the applicable regulations *must appear in the record* in order for a penalty to be appropriate. *Ortiz v. Workmen's Compensation Appeal Board (Fair Tex Mills, Inc.),* 102 Pa.Commonwealth Ct. 493, 518 A.2d 1305 (1986). Penalties may be imposed where an employer excessively delays payment of compensation to claimant. *See Rettinger v. Workmen's Compensation Appeal Board (American Can Co.),* 103 Pa.Commonwealth Ct. 595, 520 A.2d 1252 (1987). An employer may not coerce or fraudulently induce an employee to sign a final receipt. *See Mager v. Robertson Co.,* 27 Pa.Commonwealth Ct. 478, 367 A.2d 414 (1976) (final receipt invalid if obtained through fraud or deceit).

■ Here, the referee found that Acme "pressured" McGoldrick by withholding payment until she signed a final receipt. In finding of fact 21, the referee states: "Claimant seeks award of penalties against the Defendant. The Referee cannot make a finding from the evidence to warrant such an award." The referee made no finding of coercion, fraud or misrepresentation that might justify penalties.[3] The referee also made no finding that Acme unreasonably delayed payment of compensation.

■ Based upon our review of the record, we hold that the referee's findings are based on substantial evidence and therefore, he did not err in denying penalties. Even if a violation of the act were apparent in the record, imposition of a penalty is not automatic, but left to the discretion of the referee. *Ortiz.*

3. However, we have held that it is not coercive for an employer to tender a final payment on condition that an employee sign the final receipt and resume employment. *Mager v. H.H. Robertson and Workmen's Compensation Appeal Board,* 27 Pa.Commonwealth Ct. 478, 367 A.2d 414 (1976).

*Legal Fees*

McGoldrick argues that the referee erred by not awarding attorney's fees. Section 440 of the act, 77 P.S. § 996 provides in part:

In any contested case where the insurer has contested liability in whole or in part, the employe ... in whose favor the matter at issue has been finally determined shall be awarded, ... a reasonable sum for costs incurred for attorney's fee ...: Provided, that cost for attorney fees may be excluded when a reasonable basis for the contest has been established....

■ Whether a contest is reasonable is a question of law based on our examination of the record. *MacNeill v. Workmen's Compensation Appeal Board (Denny's Inc.),* 120 Pa.Commonwealth Ct. 320, 548 A.2d 680 (1988). A prevailing claimant is entitled to an award of attorney's fees unless the record supports a conclusion that the employer had a reasonable basis for contesting liability. *Penczkowski v. Workmen's Compensation Appeal Board (Foster–Wheeler Energy Corp.),* 97 Pa.Commonwealth Ct. 419, 509 A.2d 964 (1986). In this case, reasonableness depends upon whether Acme's contest was prompted to resolve a genuinely disputed issue or merely to harass McGoldrick. *See McGuire v. Workmen's Compensation Appeal Board (H.B. Deviney Co.),* 140 Pa.Commonwealth Ct. 68, 591 A.2d 372 (1991).

■ At the hearing, Acme presented the testimony of Samuel C. Santangelo, M.D. and Joseph Shatouhy, M.D. Both doctors testified they examined McGoldrick and concluded that she fully recovered from her March 1981 and July 1981 injuries and that the two injuries were not related. In addition, both doctors testified that McGoldrick could return to her position as bakery manager without restriction.

McGoldrick's testimony conflicted with the testimony presented by Acme. The referee credited McGoldrick's testimony and rejected the testimony presented by Acme.

However, the referee did not find sufficient evidence to support awarding legal fees.

■ An employer's contest may be held reasonable where the evidence lends itself to contrary inferences. *McGuire.* The testimony of Acme's medical witnesses, although ultimately rejected, did lend itself to the inference that McGoldrick suffered two separate injuries, and that she fully recovered from each. Therefore, Acme presented sufficient evidence to establish a reasonable contest.

We affirm the order of the Workmen's Compensation Appeal Board concerning the issues of penalties and legal fees, but reverse and remand for further findings of fact concerning (1) McGoldrick's weekly wages from June 28, 1982 through December 31, 1982; and (2) the nature of the compensation used to calculate McGoldrick's benefits from August 10, 1981 through September 27, 1981.

### ORDER

We affirm the order of the Workmen's Compensation Appeal Board concerning the denial of the award of penalties and legal fees, but reverse and remand for further findings of fact concerning (1) McGoldrick's compensation from June 28, 1982 through December 31, 1982; and (2) the nature of the compensation used to calculate McGoldrick's benefits from August 10, 1981 through September 27, 1981. We relinquish jurisdiction.