602 A.2d 446

**Donald SPANGLER t/a Scott & Thomas, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (FORD), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 21, 1991.

Decided Jan. 15, 1992.

As Clarified Feb. 13, 1992.

Audrey L. Jacobsen, for petitioner.
Michael N. Silver, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Donald Spangler (Employer) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision to award Lynda Ford (Claimant) a 10% penalty for Employer's violation of The Pennsylvania Workmen's Compensation Act (Act)[1] and an award of 20% of all compensation due as counsel fees for an unreasonable contest

Claimant was employed as a delivery driver and on August 31, 1988, injured her lower back while attempting to lift a broken shelf in her truck. Claimant sought compensation for her injury from Employer who denied compensation on October 8, 1988, on the grounds that Claimant provided no medical documentation indicating that she suffered a work-related injury. On October 13, 1988, Claimant was examined by her physician, Dr. James Anthony, who concluded that she sustained a herniated disk injury[2] and, thereafter, on November 7, 1988, she filed a petition for workmen's compensation benefits. A hearing was held on February 17, 1989, at which the deposition of Dr. Anthony, *inter alia,* was entered into evidence. Dr. Anthony testified in the deposition that Claimant suffered a herniated disk caused by the August 31, 1988 injury. Employer presented no evidence at this hearing. On February 27, 1989, Employer had Claimant examined by its medical expert who also concluded that Claimant suffered a herniated disk. Then on July 6, 1989, ten months after the injury, seven months after the receipt of the medical report from Claimant's doctor, and four months after Employer had Claimant examined by its own doctor, Employer issued a notice of compensation payable.

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.
2. Employer admits in its brief that on November 28, 1988 Dr. Anthony forwarded to its counsel a report explaining that Claimant suffered a disk injury.

On April 5, 1989, Claimant filed a petition seeking penalties against Employer for failure to pay compensation when due and for failure to pay medical bills; Claimant also requested interest and attorney's fees. A hearing on the penalty petition was held on August 17, 1989. Employer, again, presented no evidence at this hearing.

On December 4, 1989, the referee granted Claimant's petition and awarded Claimant: (a) interest at the rate of 10% on all deferred payments of compensation, (b) a penalty in the amount of 10% of all benefits payable to the Claimant, and (c) counsel fees in the amount of "20% of all compensation due to the Claimant from September 1, 1988 and continuing, said fee to be charged to the defendant." Employer appealed to the Board which affirmed and this appeal followed.

Employer contends that (1) the referee erred in imposing penalties merely because it contested Claimant's compensation, (2) the referee erred in imposing attorney fees because it agreed to resolve the contest by issuing a notice of compensation payable, and (3) the referee erred in assessing 20% of compensation payable as counsel fees without making findings concerning the amount and difficulty of work Claimant's counsel performed.

█ Employer incorrectly contends that the referee erred in imposing penalties. Section 435(d)(i) of the Act, 77 P.S. § 991(d)(i),[3] provides:

(d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure:

(i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to twenty per centum in

3. Section 435 was added to the Act by Section 3 of the Act of February 8, 1972, P.L. 25.

cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

No penalty may be imposed under this Section absent proof of a violation of the Act or of the rules of the department or board. *Crangi Distributing Co. v. Workmen's Compensation Appeal Board,* 17 Pa.Commonwealth Ct. 530, 333 A.2d 207 (1975).

■ The referee found that Employer violated Section 406.1 of the Act, 77 P.S. § 717.1,[4] and Section 435(a)(ii) of the Act, 77 P.S. § 991(a)(ii), by failing to pay compensation when due. Section 406.1 states that "[t]he first installment of compensation shall be paid not later than the twenty-first day after the employer has notice or knowledge of the employe's disability." Section 435(a)(ii) states that the department shall establish rules to "insure full payment of compensation when due...."

Here Claimant was injured on August 31, 1988, yet Employer did not file a notice of compensation payable until July 6, 1989. Further, Dr. Anthony, Claimant's physician, sent a medical report to Employer on November 28, 1988, stating that Claimant had a herniated disk injury. Moreover, Employer's physician who examined Claimant on February 27, 1989, also concluded that Claimant suffered from a herniated disk injury. Although Employer ultimately agreed to pay Claimant's benefits on July 6, 1989, the above facts demonstrate that Employer did not promptly investigate under Section 406.1, and the failure to investigate is a violation of the Act. *See* Section 406.1, which states, "The employer and insurer shall promptly investigate each injury reported or known to the employer...."

■ Employer's argument that the referee improperly imposed a penalty under Section 406.1 because it was actively contesting Claimant's disability is without merit, since contesting a claim does not relieve an employer of its duty

---

**4.** Section 406.1 was added to the Act by Section 3 of the Act of February 8, 1972, P.L. 25.

under the Act to promptly investigate Claimant's injury. Further, it is plain that Employer had notice of Claimant's disability far more than twenty-one days before it filed a notice of compensation payable. Hence, in light of the above facts, we conclude that the referee properly imposed a 10% penalty on Employer for failing to pay compensation when due.[5]

Next, Employer contends that the referee erred in awarding attorney's fees for unreasonable contest because it agreed to resolve the claim. Section 440 of the Act, 77 P.S. § 996,[6] states:

> In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for cost incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That the costs for attorney fees may be excluded when a reasonable basis for the contest has been established....

The award of attorney's fees is the rule when a claimant prevails in a contested case, unless the record establishes that the employer's contest is reasonably based. *Ball v. Workmen's Compensation Appeal Board*, 19 Pa.Commonwealth Ct. 157, 340 A.2d 610 (1975). Whether an employer's contest is reasonable for purpose of the award of attorney fees is a question of law. *Ehrhart v. Workmen's Compensation Appeal Board (Liquor Control Board)*, 78 Pa.Commonwealth Ct. 123, 466 A.2d 1139 (1983). In the present case, while Employer agreed to resolve this litigation by filing a notice of compensation payable, this resolution was not made until more than ten months after Claim-

---

5. Employer stated in its brief that it was denied a hearing on the issue of penalties. Our review of the record, however, reveals that a hearing on Claimant's penalty petition was held on August 17, 1989. Accordingly, this assertion is without merit.

6. Section 440 was added to the Act by Section 3 of the Act of February 8, 1972, P.L. 25.

ant's injury occurred and almost five months after the hearing process had been initiated. The fact Employer ultimately agreed to pay Claimant her benefits is irrelevant, since Employer paid the benefits only after the hearing process was well underway. Moreover, Employer did not enter any evidence into the record whatsoever controverting its liability or Claimant's injury. A contest is unreasonable where no conflicting medical testimony was presented regarding the contested issues of the claimant's injury. *R.M. Friction Materials Co. v. Workmen's Compensation Appeal Board*, 52 Pa.Commonwealth Ct. 279, 415 A.2d 965 (1980). Therefore, we conclude that Employer's contest was unreasonable as a matter of law and, hence, the referee properly assessed attorney's fees against Employer.[7]

Last, Employer contends that the referee erred in awarding 20% for attorney fees without making findings considering the amount and difficulty of the work performed by Claimant's attorney. In *Eugenie v. Workmen's Compensation Appeal Board (Sheltered Employment Service)*, 140 Pa.Commonwealth Ct. 51, 57–58, 592 A.2d 358, 361–62 (1991), this Court wrote:

> The purpose of awarding attorney's fees ... is to protect claimants from unreasonable contests by an employer, and the award of attorney's fees serves both to discourage such contests and to encourage competent legal representation of these claimants. The fee, however, is limited by the express language of Section 440 to a "reasonable sum." *When such a sum is related to the work actually done by the attorney, the purpose of this section is served.*
>
> . . . .
>
> *[W]e have held that "the question of what is a 'reasonable sum' for attorney's fees includes factual queries*

---

7. Employer argued that its decision to pay Claimant her benefits rendered the question of whether there was a reasonable contest moot. We disagree. Claimant was involved in substantial and protracted litigation *before* Employer agreed to file a notice of compensation payable; therefore, this issue was not mooted by Employer's decision to pay the benefits.

*and that the determination what are reasonable fee attorney's fees 'depends on the difficulty of the work performed by the claimant's attorney.'"*

(Emphasis added) (quoting *R.M. Friction,* 52 Pa.Commonwealth Ct. at 283, 415 A.2d at 967). In the present case, the referee awarded Claimant's counsel 20% of compensation payable as attorney fees and found that this sum was reasonable. The referee, however, made no findings concerning the degree and difficulty of the work performed by Claimant's counsel; hence, in the absence of these findings, this Court is unable to reach a conclusion on the reasonableness of the 20% fee. An award of 20% of the compensation is not reasonable *per se* for purposes of Section 440 simply because that is the fee agreement between a claimant and his attorney for ordinary counsel fees for handling the case. *Eugenie.* Therefore, we must remand for specific findings on the amount of work and the difficulty of the work performed by Claimant's counsel; a new order shall then be entered on the reasonableness and extent of the attorney fees awarded.

Accordingly, the award of 20% of compensation payable for attorney's fees is hereby vacated and the case is remanded. The Board is affirmed in all other respects.

## ORDER

NOW, February 13, 1992, Respondent's Motion for Clarification is granted. The order in the above-captioned matter filed January 15, 1992, is hereby amended to read:

The order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby vacated insofar as it awards attorney's fees in the amount of 20% of compensation payable under Section 440 of The Pennsylvania Workmen's Compensation Act, 77 P.S. § 996. This order does not affect, however, the validity of any fee agreement existing between Claimant and her counsel and does not prevent Claimant's counsel from collecting a 20% fee he may be entitled to from Claimant's award under such an

agreement pending the conclusion of this litigation inasmuch as the reasonableness of the fee agreement between Claimant and her counsel was not an issue in this litigation. The order is affirmed in all other respects. This matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.