**James CROMAN, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (TOWNSHIP OF MARPLE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 9, 1998.

Decided Feb. 27, 1998.

---

Robert A. Detweiler, Swarthmore, for petitioner.

No appearance entered for respondent.

Before COLINS, President Judge, and SMITH, J., and LORD, Senior Judge.

LORD, *Senior Judge.*

James Croman petitions for review of a Workers' Compensation Appeal Board order which upheld a WCJ's decision not to assess penalties against Croman's employer and directed that a modification rather than a suspension of benefits be ordered.

The sole question for our review is whether the Board committed legal error or abused its discretion in declining to assess penalties against the employer for delay in compensation payments. By order of October 10, 1997, this Court, after considering a motion to quash filed by the employer as well as Croman's answer thereto, granted that motion in part. We did so on the grounds that Croman had failed to raise in his petition for review and thus preserve for review the issue of whether the Board's imposition of a modification of benefits was legally erroneous or unsupported by the evidence. The effect of our Order was to strike from Croman's brief those parts addressing the propriety of the Board's modification order.

Therefore, for purposes of deciding the question raised, the following facts are perti-nent. Croman was employed by the Township of Marple as a custodian and sustained an injury to his lower back on November 16, 1989 when he moved a fifty-pound bag of dry ice. On January 5, 1990, the employer issued a Notice of Compensation Denial, but, on February 19, 1990 issued a Notice of Compensation Payable, accepting liability for Croman's lower back injury. The employer commenced compensation payments at that time.

The employer subsequently filed two suspension petitions and, on March 29, 1993, Croman filed a penalty petition against the employer pursuant to Section 435 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 991, for failure to timely file its notice of compensation payable and for failure to make timely payments.

The employer filed a responsive pleading to Croman's petition, denying its allegations. After weighing the evidence presented and making credibility determinations, the WCJ concluded that the employer had not met its burden of proving it was entitled to suspend benefits. The WCJ also found that Croman "ha[d] not presented sufficient evidence to support his position of violation of the...Act for failure to make timely compensation payments," and therefore concluded that Croman did not meet his burden on the penalty petition. He accordingly denied both of the employer's suspension petitions and Croman's original and amended penalty petitions.

The Board agreed with Croman that the WCJ utilized an incorrect standard in considering the suspension petition, but, noting that the employer filed a petition for suspension *or* modification, determined that the record and all necessary findings of fact existed to support a modification. It therefore ordered a modification of Croman's payments. The Board also agreed with Croman that there was a violation of Section 406.1 of the Act, 77 P.S. § 717.1, requiring timely payment of compensation. The Board noted from the record that

[Croman] filed a Report of Occupational Injury with the Defendant on November

21, 1989. According to the report, [Croman] suffered a lower back/lumbar herniated disc and gave notice of his injury on November 16, 1989. Defendant issued a Notice of Compensation Denial on January 5, 1990, stating no medical justification as the reason for denial. Thereafter, Defendant accepted liability and began making payments on February 19, 1990.

Defendant did not issue [a] Notice of Compensation Denial within the prescribed period, and did not commence payments until three months after receiving notice of claimant's injury. Therefore, the WCJ erred as a matter of law in concluding that Defendant had not violated the Act.

(Board decision, April 10, 1997).

Nonetheless, the Board felt it could not interfere with the WCJ's decision not to impose penalties since such a decision rested in his discretion. The Board declined to assess penalties against the employer. Croman now petitions this Court for review.[1]

Section 406.1 stated at the time Croman was injured that

[t]he employer and insurer shall promptly investigate each injury reported or known to the employer and shall proceed promptly to commence the payment of compensation due.... *The first installment of compensation shall be paid not later than the twenty-first day after the employer has notice or knowledge of the employe's disability. Interest shall accrue on all due and unpaid compensation at the rate of ten per centum per annum.*

. . . .

If the insurer controverts the right to compensation it shall promptly notify the employer or his dependent, on a form prescribed by the department, stating the grounds upon which the right to compensa-

tion is controverted and shall forthwith furnish a copy or copies to the department. 77 P.S. § 717.1 (emphasis added).

Pursuant to this statutory provision, compensation was to begin twenty-one days after notice of disability. Section 435(a)(ii), 77 P.S. § 991(a)(ii), in turn authorized the Department of Labor and Industry to establish rules to insure full payment when due. *Spangler v. Workmen's Compensation Appeal Board,* 145 Pa.Cmwlth. 56, 602 A.2d 446 (1992). Contesting a claim does not relieve the employer of the duty to investigate and commence payments promptly. *Id.* In addition to the provision of Section 406.1 for automatic interest on payments delayed beyond twenty-one days, Section 435(d), 77 P.S. § 991(d), authorized the Board to impose penalties for violations of the Act or rules promulgated thereunder.[2]

Here, the Board noted the approximate three-month delay between Croman's report of injury and the commencement of compensation, yet, citing the WCJ's discretion, declined to inquire into the decision not to impose penalties. While it may be a correct statement of the law to say that imposition of penalties is within the discretion of a WCJ, that discretion cannot be unfettered. Here, the Board, and we, are faced with only the conclusory statement of the WCJ that "[Croman] has not presented sufficient evidence to support his position of violation of the [Act] by the Defendant for failure to make timely compensation payments." (Finding of Fact No. 29, WCJ's decision, July 1, 1994). Given the WCJ's finding that Croman sustained an injury on November 16, 1989, his finding that the employer did not issue a notice of compensation denial until January 5, 1990, as well as his finding that the employer did not commence payments until the following February (albeit after having issued a notice of compensation denial in the interim), we conclude that the WCJ abused his discretion in refusing to assess penalties or otherwise say why penalties were unwarranted, on the

---

1. By Order of January 6, 1998, this Court precluded the respondent from filing a brief in support of its position because the respondent failed to comply with our previous Order directing the filing of a brief on or before December 9, 1997.

2. These sections of the Act have been materially amended since Croman submitted his penalty petitions, but in ways not material to our disposition.

mere statement that Croman "presented insufficient evidence to support his position ...."

Since the Board agreed with Croman that there was a violation of the Act but upheld the WCJ's decision on the penalty petitions, we are constrained to vacate its decision in this regard. We remand this matter to the Board with instructions to impose the appropriate penalties under Section 435(d) of the Act.

## ORDER

AND NOW, this 27th day of February, 1998, the Order of the Worker's Compensation Appeal Board, No. A94–2090, dated April 10, 1997, is hereby vacated and this case is remanded to the Board for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

SMITH, J., dissents.