**Rita CARROLL, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (US AIRWAYS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 7, 2006.

Decided May 9, 2006.

Patrick M. Donan, Philadelphia, for petitioner.

Alessandra Carrafiello, Philadelphia, for respondent.

BEFORE: PELLEGRINI, Judge, and LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

Rita Carroll (Claimant) petitions this Court to review an order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) denying her the imposition of penalties for U.S. Airways' (Employer) failure to pay her massage therapy bills.

Pursuant to a Notice of Compensation Payable, Employer began paying benefits to Claimant for a work-related injury of a lumbar spine strain sustained on September 6, 1994. On or about June 18, 1999, Employer sought a utilization review (UR Request # 1) from a licensed Utilization Review Organization (URO) seeking review of the appropriateness of massage therapy prescribed by Claimant's treating physician and performed by a massage therapist. The URO determined that the massage therapy was not reasonable or necessary after May 18, 1999. Claimant appealed and, on July 19, 2000, the WCJ reversed the URO determination, finding Claimant's massage therapy to be reasonable and necessary and causally related to her work injury. Employer then appealed the decision to the Board, which affirmed.

In July 2001, Employer attempted to file a new UR Request (UR Request # 2) regarding the reasonableness and necessity of massage therapy due to Claimant having been hospitalized and missing treatment.[1] On August 8, 2001, the Bureau of Workers' Compensation (Bureau) returned UR Request # 2 to Employer indicating that a massage therapist is not a defined "health care provider"[2] and informed Employer that it did not have to pay for that type of treatment. Based on that information provided by the Bureau, Employer denied Claimant's medical bills for massage therapy. On March 22, 2002, Claimant filed a penalty petition alleging that Em-

---

1. The affidavit of Karen Petrow, Employer's Claims Examiner, stated that the massage therapist's notes indicated that Claimant had been hospitalized and missing treatment due to a recent injury she suffered when she tripped over a strap on a booster seat and fell. The WCJ accepted the affidavit noting that it was uncontested by Claimant.

2. 34 Pa.Code § 127.3 defines "health care provider" as:

A person, corporation, facility or institution licensed, or otherwise authorized, by the Commonwealth to provide health care services, including physicians, coordinated care organizations, hospitals, health care facilities, dentists, nurses, optometrists, podiatrists, physical therapists, psychologists, chiropractors, or pharmacists, and officers, employes or agents of the person acting in the course and scope of employment or agency related to health care services.

ployer violated the Worker's Compensation Act (Act)[3] by failing to pay for massage therapy treatment as ordered by the WCJ and the Board. Employer filed an Answer denying it violated the Act and alleged it was advised by the Bureau that payment for unauthorized providers was not required.

On February 24, 2003, the WCJ denied Claimant's penalty petition, finding that Employer attempted to file UR Request # 2 for the massage therapy as of July 2001, but that the Bureau returned UR Request # 2 and if Employer could not file UR Request # 2, it would never be allowed review of the massage therapy treatment. The WCJ also found that Employer did not stop payments in violation of the Act because payment was ordered for that treatment because they were prescribed by Claimant's treating physician and there was no evidence that the physician continued to prescribe massage therapy for which Claimant was seeking payment. Claimant appealed to the Board, which reversed, holding that Employer could not unilaterally cease making payment for Claimant's massage therapy until a valid WCJ order directing payment was no longer in force. The Board remanded the matter to the WCJ for a determination as to whether any penalties were proper based on Employer's attempt to file UR Request # 2 and the Employer's reliance upon information from the Bureau.

■ On remand, the WCJ again denied the imposition of penalties because Employer was advised by a representative of the Bureau that massage therapy was not a covered treatment and therefore the bills were not payable. Claimant appealed the WCJ's ruling and the Board affirmed, stating that the WCJ did not err in denying her request for penalties for the unilateral cessation of payment of massage therapy bills. Claimant now appeals to this Court for its review.[4]

■ Claimant contends that the WCJ's decision to deny her a penalty was an abuse of discretion because the massage therapy was determined reasonable by UR Request # 1 and payment for that treatment was ordered by the WCJ, and until that order is reversed, no matter what, Employer is obligated to pay. Section 435(d)(i) of the Act, 77 P.S. § 991(d)(i), provides that a penalty of up to fifty percent of the compensation due may be assessed against an employer if there has been a violation of the Act or its regulations.[5] Penalties may be assessed where the employer fails to pay compensation when due. *Spangler v. Workmen's Compensation Appeal Board (Ford)*, 145 Pa. Cmwlth. 56, 602 A.2d 446 (1992). However, even if a violation of the Act is apparent on the record, whether to impose any penalty and the amount of any penalty is within the discretion of the WCJ. *Galloway v. Workers' Compensation Appeal Board (Pennsylvania State Police)*, 756 A.2d 1209 (Pa.Cmwlth.2000); *Moore v. Workmen's Compensation Appeal Board (Reading Paperboard Corp.)*, 676 A.2d 690 (Pa.Cmwlth.1996). Because the assessment of penalties is discretionary, a WCJ's

---

3. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626.

4. Our scope of review is limited to a determination of whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, or whether constitutional rights were violated. *Nevin Trucking v. Workmen's Compensation Appeal*

Board (Murdock), 667 A.2d 262 (Pa.Cmwlth. 1995).

5. Section 435(d)(i) of the Act permits a maximum penalty of 10 percent of the amount of the award and interest except in cases of unreasonable or excessive delay, in which the penalty may be increased to 50 percent.

penalty determination will not be overturned absent an abuse of discretion. *Essroc Materials v. Workers' Compensation Appeal Board (Braho)*, 741 A.2d 820 (Pa. Cmwlth.1999). An abuse of discretion is not merely an error of judgment but occurs, *inter alia,* when the law is misapplied in reaching a conclusion. *Candito v. Workers' Compensation Appeal Board (City of Philadelphia)*, 785 A.2d 1106 (Pa. Cmwlth.2001).

In this case, notwithstanding an order of the WCJ for Employer to do so, it is undisputed that the Bureau refused UR Request #2 and ill-advisedly apprised Employer that it did not have to pay the massage therapy bills because a massage therapist was not a defined "health care provider." Because Employer's attempt to properly be relieved to stop payments for massage therapy by filing UR Request #2 was frustrated by the Bureau, and since Employer relied on the Bureau's advice that it could cease payment of massage therapy bills excusing noncompliance with the Act, the WCJ's decision to deny penalties was not an abuse of discretion. Accordingly we affirm the Board's order.

### ORDER

AND NOW, this *9th* day of *May,* 2006, the order of the Workers' Compensation Appeal Board, dated November 2, 2005, at No. A04–3136 is affirmed.