**CLEVELAND BROTHERS and its third party administrator, PMA, Petitioners**

v.

**WORKERS' COMPENSATION APPEAL BOARD (HAZLETT), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 22, 2012.

Decided Aug. 24, 2012.

Publication Ordered Nov. 21, 2012.

Dale A. Cable, Pittsburgh, for petitioners.

Jonathan R. Colton, Pittsburgh, for respondent.

BEFORE: COHN JUBELIRER, Judge, and McCULLOUGH, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Cleveland Brothers[1] and its third-party administrator, PMA, (collectively, Employer) petition for review of the December 21,

1. Formerly Beckwith Machinery Company.

2011, order of the Workers' Compensation Appeal Board (WCAB), which affirmed the decision of a workers' compensation judge (WCJ). The WCJ granted Edward Hazlett's (Claimant) penalty petition and ordered Employer to pay fifty percent of all unpaid interest due and owing Claimant from the end of his disability periods through February 13, 2009, plus a penalty of fifty percent of the outstanding subrogation liens of Healthcare Recoveries[2] (Healthcare) and Highmark Blue Shield (Highmark), plus costs and attorney's fees for an unreasonable contest. We affirm.

On December 2, 2005, Claimant filed a claim petition alleging that he sustained an injury to his back with cramping in his leg and foot as a result of an incident that occurred on April 14, 2005, during the course and scope of his employment with Employer. Employer denied the allegations. (WCJ's Findings of Fact, No. 1.)

On January 29, 2009, the WCJ granted Claimant's claim petition and ordered Employer to pay workers' compensation benefits in the amount of $430.18 per week for the periods from November 9, 2005, through March 26, 2006, and April 12, 2007, through September 30, 2007, at which time Claimant's benefits were suspended. The WCJ assessed interest at the rate of ten percent per annum on all overdue benefits and directed Employer to pay all reasonable and necessary medical expenses incurred by Claimant and allowable charges as permitted by the Workers' Compensation Act (Act).[3] (WCJ's Findings of Fact, No. 2.)

On March 24, 2009, Claimant filed a petition for penalties against Employer, requesting that penalties be assessed because Employer refused to pay all interest due to Claimant and the subrogation liens

of Healthcare and Highmark in violation of the Act. Employer denied the allegations. (WCJ's Findings of Fact, Nos. 3, 4.)

A hearing was held at which Claimant presented various items of correspondence between Claimant's counsel and Employer's counsel, the January 29, 2009, decision and order of the WCJ, an itemized statement of out-of-pocket medical expenses incurred by Claimant, items of correspondence reflecting outstanding subrogation liens of Highmark and Healthcare, and records of payments made by PMA. (WCJ's Findings of Fact, No. 5.)

Employer presented the deposition testimony of Michelle Beber, a senior claims representative for PMA. Beber testified that she handled Employer's account and was familiar with Claimant's case. Beber stated that she calculated the benefits and interest due Claimant for the two closed periods using a worksheet provided by the Bureau of Workers' Compensation (Bureau). Beber further testified regarding the system by which medical bills in a workers' compensation claim are received and paid by PMA, including the medical bills received from medical providers as a result of treating Claimant. (WCJ's Findings of Fact, No. 6.)

The WCJ determined that Employer violated the terms and provisions of the Act by failing to pay the proper amount of interest due and owing to Claimant for the closed periods of disability, as well as by failing to pay the subrogation liens of Healthcare and Highmark. Further, based upon Beber's testimony, the WCJ determined that the amount of interest was calculated to the end of the disability periods. However, payment of the overdue disability benefits was not made until February 13, 2009; therefore, Claimant

2. Healthcare Recoveries submitted this claim on behalf of UPMC Health Plan.

3. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708.

was owed interest through that date.[4] (WCJ's Findings of Fact, No. 7.)

The WCJ further found Beber's testimony not credible regarding the insurer, PMA, not receiving the proper medical records or forms and determined that Employer violated the Act by failing to make timely payment of the outstanding subrogation liens. The WCJ found that the medical bills associated with the subrogation liens were bills paid by a third-party health insurer that did not need to be repriced because the third-party health insurer was entitled to 100% reimbursement of the bills; and the medical bills were not subject to medical cost containment provisions.[5] (Id.)

The WCJ found that Employer's delay in paying the proper interest due as well as the outstanding subrogation liens was unreasonable. (WCJ's Findings of Fact, Nos. 7, 10.)

■ The WCJ granted Claimant's penalty petition, awarding a penalty in the amount of fifty percent of all unpaid interest due and owing to Claimant from the end of his disability periods through February 13, 2009, plus a penalty of fifty per-cent on the outstanding subrogation liens. The WCJ also ordered Employer to pay costs and counsel fees for an unreasonable contest. (WCJ's Order, 4/19/10, at 1.) Employer appealed to the WCAB, which affirmed. Employer now petitions this court for review.[6]

■ Initially, Employer contends that the WCAB erred in affirming the WCJ's determination awarding penalties against Employer for violating the Act by refusing to pay Claimant all interest owed on overdue benefits. We disagree.

■ Pursuant to Section 435 of the Act,[7] 77 P.S. § 991, a WCJ may award penalties upon finding a violation of the Act or rules or regulations promulgated under the Act. When a violation of the Act occurs, it is within the discretion of the WCJ to impose penalties. *Farance v. Workers' Compensation Appeal Board (Marino Brothers, Inc.)*, 774 A.2d 785, 789 (Pa.Cmwlth.2001). "Because the assessment of penalties, as well as the amount of penalties imposed, [is] discretionary, we will not overturn a penalty on appeal absent an abuse of discretion by the WCJ."

4. The WCJ found in pertinent part:

> The assessment of interest on compensation benefits is intended to compensate the Claimant for the loss of use of the money during the period of the delay in the payment. In the present case, the assessment of interest at ten percent (10%) per annum was not only intended to compensate the Claimant for the loss of use of the money during the two closed periods of disability, but rather to compensate him for the loss of use of the money up through the date on which it was paid. To determine otherwise would fail to provide a remedy for the Claimant's deprivation of the use of his past due and owing disability benefits.

(WCJ's Findings of Fact, No. 7.)

5. In this case, PMA is the workers' compensation insurer and Highmark and Healthcare are the third party health insurers that have a contract of insurance unconnected with the workers' compensation claim. The third party health insurers, Highmark and Healthcare, make payments to the healthcare provider, the doctor or hospital that actually treat the injured employee, and, if the injury is later determined to be work related, the third party health insurers would have a subrogation lien against the workers' compensation insurer for the amount it paid to the provider.

6. Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

7. Section 435 was added by the Act of February 8, 1972, P.L. 25.

*Id.* "An abuse of discretion is not merely an error of judgment but occurs . . . when the law is misapplied in reaching a conclusion." *Westinghouse Electric Corporation v. Workers' Compensation Appeal Board (Weaver)*, 823 A.2d 209, 213–214 (Pa. Cmwlth.2003).

■ In a penalty petition, the claimant bears the initial burden of proving that a violation of the Act occurred; the burden then shifts to the employer to prove that the violation did not occur. *Department of Transportation v. Workers' Compensation Appeal Board (Larry Clippinger)*, 38 A.3d 1037, 1047 (Pa.Cmwlth.2011). Section 406.1(a) of the Act,[8] 77 P.S. § 717.1(a), provides that "[i]nterest shall accrue on all due and unpaid compensation at the rate of ten per centum per annum." Thus, the interest will accumulate, or continue to grow, on all unpaid compensation at a rate of ten percent until such compensation is paid.

Here, the WCJ determined that Employer violated the Act by failing to pay the proper amount of interest due and owing Claimant for the closed periods of disability as ordered by the WCJ's January 29, 2009, decision. (WCJ's Findings of Fact, No. 7.) Employer admits that it refused to pay Claimant interest from the end of the disability periods to February 13, 2009, the date it paid Claimant the overdue workers' compensation benefits, but argues that it did not owe interest past the closed period because Claimant was fully employed at that time, and it relied upon the Bureau of Workers' Compensation worksheet to calculate the interest due.

Beber testified that she calculated the interest for the two closed periods of disability using a Bureau worksheet.[9] Beber only calculated the interest for the two closed periods of disability. Beber did not calculate interest up to the actual payment of compensation or between the closed periods of disability. Therefore, Beber failed to correctly calculate the interest due.

■ Further, a claimant is entitled to statutory interest under Section 406.1(a) of the Act on "all due and unpaid compensation." 77 P.S. § 717.1(a). The purpose of Section 406.1(a) of the Act is to compensate a claimant for the loss of the use of the money during the time the payment was delayed. *Glinka v. Workmen's Compensation Appeal Board (Sears, Roebuck and Company)*, 75 Pa.Cmwlth. 504, 462 A.2d 909, 913 (1983). There is no limitation in the Act if the Claimant returns to work or is no longer disabled.

Employer violated the Act by not paying Claimant the full amount of interest owed. The Employer's error in calculating the interest and the fact that Claimant returned to work are irrelevant in determining the interest due Claimant for the loss of use of the money he was owed. We, therefore, conclude that the WCJ did not abuse his discretion in ordering a penalty against Employer for failing to pay the proper interest due.

■ Next, Employer contends that the WCAB erred in affirming the WCJ's determination to award penalties against

8. Section 406.1 of the Act was added by the Act of February 8, 1972, P.L. 25.

9. The worksheet, titled "Worksheet For The Calculation of Interest At 10% Up to The End of The Period of Weekly Payments at Compound And Simple Interest," contains a disclaimer at the bottom that states:

> This spreadsheet assumes that interest accrues from the end of the first week through the end of the payments period. If this assumption is inappropriate for your calculation, please consult another source.

(Beber Dep., Ex. A, at 1.) Beber did not consult another source.

Employer for violating the Act by refusing to pay the subrogation liens of Healthcare and Highmark in a timely manner. We disagree.

Employer asserts that, pursuant to Section 306(f.1)(2) of the Act, 77 P.S. § 531(2), it is entitled to receive medical bills and records verifying medical charges for treatment of an injured worker before it must pay for the treatment.[10]

However, Section 306(f.1)(2) does not apply in this case because it is directed toward providers, i.e., the person who actually treated an injured employee, not insurers requesting subrogation of payments made on behalf of a claimant. *See Furnival State Machinery/Transamerica Insurance Group v. Workers' Compensation Appeal Board (Slye)*, 757 A.2d 433 (Pa. Cmwlth.2000).

Rather, Section 319 of the Act relates to the subrogation rights of Healthcare and Highmark, the third-party health insurers. Section 319 provides in pertinent part:

> Where an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis that the injury and disability were not compensable under this act in the event of an agreement or award for that injury the employer or insurance company who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of hearing before the referee or the board.

77 P.S. § 671. Thus, Healthcare and Highmark, as third-party health insurers, are not required to resubmit any bills after an award of compensation.

In this case, Employer does not dispute that it was ordered to pay the subrogation liens in a previous action. Employer asserts that it refused to pay the bills because PMA did not receive supporting medical records or proper forms. An award of penalties is proper against an employer when the employer refuses to pay bills before receiving the forms from a medical provider after it failed to object to the medical provider not providing the bills on the proper forms in an underlying action. *Westinghouse*, 823 A.2d at 214–15. Because PMA did not object to the state of the forms in the underlying action and Employer was ordered to pay the subrogation liens in that action, Section 306(f.1)(2) of the Act, 77 P.S. § 531(2), does not apply in this case. Thus, Employer should have paid the subrogation liens of the Healthcare and Highmark, the third-party health insurers, without the receipt of additional records or forms from the provider. We, therefore, conclude that the WCJ did not abuse his discretion in awarding penalties for Employer's refusal to pay the outstanding subrogation liens of Highmark and Healthcare.

■ Finally, Employer contends that the WCJ erred in awarding counsel fees for an unreasonable contest. We disagree.

■ An employer's contest is reasonable if the contest is brought to resolve a genuinely disputed issue, not merely to

---

**10.** Section 306(f.1)(2) provides:

Any provider who treats an injured employe shall be required to file periodic reports with the employer on a form prescribed by the department which shall include, where pertinent, history, diagnosis, treatment, prognosis and physical findings. The report shall be filed within ten (10) days of commencing treatment and at least once a month thereafter as long as treatment continues. The employer shall not be liable to pay for such treatment until a report has been filed.

77 P.S. § 531(2).

harass the claimant. *Dworek v. Workmen's Compensation Appeal Board (Ragnar Benson, Inc.),* 166 Pa.Cmwlth. 512, 646 A.2d 713, 716 (1994). The imposition of attorney's fees is a question of law reviewable by the WCAB and this court. *McGoldrick v. Workmen's Compensation Appeal Board (Acme Markets, Inc.),* 142 Pa.Cmwlth. 558, 597 A.2d 1254, 1257 (1991).

Here, the WCJ determined:

Employer did not have a reasonable basis to contest this matter. In so finding, this [WCJ] has carefully considered the testimony of Ms. Beber regarding the method she used to calculate the interest due and owing to the Claimant, as well as her testimony regarding her failure to make timely payment of the outstanding subrogation liens of ... [Healthcare] and Highmark.... Although Ms. Beber testified that she utilized this method to calculate interest in many cases, improperly calculating interest numerous times in the past does not provide a reasonable basis for failing to properly calculate it in this matter. Furthermore, because the subrogation liens of ... [Healthcare] and Highmark ... were not subject to the medical cost containment provisions of the Act, waiting for medical records did not provide the insurer with a reasonable basis for failing to make payment in a timely manner.

(WCJ's Findings of Fact, No. 10.)

Employer's only justification for not paying the proper interest due was its reliance upon a form it had downloaded from the Bureau's website. Employer's reliance upon this worksheet to justify its failure to pay the proper interest due to Claimant is not reasonable. Further, Employer's reliance upon a statute that does not apply in this case to justify its failure to pay the subrogation liens is also unreasonable. Therefore, we conclude that the WCJ did not err in finding that Employer did not have a reasonable basis for its contest and that the WCJ's award of fees for an unreasonable contest was proper.

Accordingly, we affirm.

### ORDER

AND NOW, this 24th day of August, 2012, the Workers' Compensation Appeal Board order, dated December 21, 2011, is hereby affirmed.