IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Oak HRC Suburban Woods LLC,           :
                          Petitioner  :
                                      :
        v.                            :   No. 1370 C.D. 2021
                                      :   Argued: November 15, 2022
Carmella Burroughs (Workers'          :
Compensation Appeal Board),           :
                         Respondent   :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE LORI A. DUMAS, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                FILED: January 23, 2023


Oak HRC Suburban Woods, LLC (Employer) has petitioned this Court to review an adjudication of the Workers' Compensation Appeal Board (Board), which affirmed the decision of the Workers' Compensation Judge (WCJ). The WCJ granted the Reinstatement Petition and two Penalty Petitions filed by Carmella Burroughs (Claimant) and directed Employer to pay Claimant total disability benefits as of February 28, 2019. In addition, the WCJ awarded Claimant attorney's fees. After review, we affirm.

## I. BACKGROUND[1]

On June 3, 2016, Claimant sustained a work-related injury while employed as a Licensed Practical Nurse (LPN) by Employer. While lifting a patient, Claimant suffered an injury described as cervical, thoracic, lumbar, and hip strains and sprains. She performed modified, lighter duty for Employer before leaving

---

[1] The recitation of facts is based on the WCJ Op., 12/11/20, at 3-6, which is supported by substantial evidence.

employment on May 13, 2017. On January 18, 2018, Claimant returned to work with a different employer, Blue Bell Place (Blue Bell), performing light/modified office duties. In this position, her hours increased.

On June 12, 2018, Claimant, who had surgery scheduled for a non-work-related condition on June 13, 2018, was terminated from Blue Bell because she had not accrued enough FMLA[2] leave for recovery time. Following her termination from Blue Bell, Employer did not offer Claimant similar employment. On February 28, 2019, her treating physician determined that her work injuries had worsened to the point that she was totally disabled and could not work.

Claimant's work injury was initially accepted by a medical-only Notice of Temporary Compensation Payable (NTCP), thereafter converting to a Notice of Compensation Payable (NCP). However, Claimant subsequently filed a Claim Petition, seeking total disability as of May 13, 2017, the date she left her position with Employer. On October 10, 2018, the WCJ granted the Claim Petition, awarding total disability from May 13, 2017, through January 17, 2018, with compensation at a rate of $747.55 per week. The WCJ also directed Employer to calculate and pay Claimant partial disability based on earnings received on or after Claimant's January 18, 2018 return to work at Blue Bell, with benefits to be paid based on actual earnings. However, despite the WCJ's order to pay Claimant partial disability for the time she was employed with Blue Bell, Employer delayed paying Claimant partial disability until August 2019.[3]

---

[2] Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601, 2611-2620, 2631-2636, 2651-2654.

[3] Employer did not appeal the decision regarding the Claim Petition. Notes of Testimony (N.T.) Hr'g, 3/6/19, at 7.

On February 15, 2019, Claimant filed a Penalty Petition, alleging that Employer had violated the Workers' Compensation Act (the Act)[4] by failing to pay partial benefits as ordered for the period of her employment with Blue Bell. On March 1, 2019, Claimant filed a second Penalty Petition and a Reinstatement Petition, averring that she was entitled to full wage loss benefits, effective February 28, 2019, the date her treating physician determined that she was once again totally disabled. On August 26, 2019, Employer filed a Termination Petition, alleging that Claimant had fully recovered from her injuries, based upon an independent medical examination.

Following a hearing, on December 11, 2020, the WCJ resolved the several petitions of the parties.[5] The WCJ granted Claimant's Reinstatement Petition, denied Employer's Termination Petition, and directed Employer to pay Claimant total disability benefits as of February 28, 2019. The WCJ found Claimant, as well as her treating physicians, "credible and persuasive" and accepted that she had not fully recovered from her work-related injuries, remained disabled, required continuing medical care, and was unable to return to her full, pre-injury employment. WCJ Op., 12/11/20, at 3-4.

The WCJ also granted Claimant's Penalty Petitions. The WCJ ordered Employer to pay a 50% penalty for its unreasonable delay in paying Claimant her partial disability benefits. WCJ Op., 12/11/20, at 5-6. Additionally, noting "the absence of any adequate excuse for the long delay," the WCJ found that Employer

---

[4] Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1 - 1041.4, 2501-2710.

[5] At the hearing, Claimant introduced her treating physicians' deposition testimony that her original work injury prevented her from returning to work at her pre-injury job and that she was not fully recovered from her injuries. WCJ Op., 12/11/20, at 3-4. Employer presented the deposition testimony from its own expert witness, but the WCJ did not credit this evidence. *Id.*

3

had engaged in an unreasonable contest and further awarded Claimant attorney's fees at 50% of the total quantum meruit filings by Claimant's counsel. *Id.* (limiting the award of fees "given other matters were at issue in these proceedings").

Employer appealed to the Board, alleging that Claimant was not entitled to reinstatement of her disability benefits because she had left her employment with Blue Bell voluntarily to undergo what Employer characterized as a non-work-related medical procedure. Employer additionally challenged the imposition of penalties and fees.[6]

The Board affirmed, based on the WCJ's finding that Claimant testified credibly and persuasively that her discharge from Blue Bell was involuntary and not due to her own bad faith and that Employer's delay in paying Claimant partial disability was unreasonable. Therefore, the Board concluded that Claimant was entitled to reinstatement of her wage loss benefits and had met her burden of proof that Employer violated the Act. Bd. Op., 11/12/21, at 5-8. Employer then timely petitioned this Court for review.

## II. ISSUES

In its first issue on appeal, Employer claims that the WCJ erred in granting Claimant's Reinstatement Petition because she failed to prove that her loss of earning power was related to her work injury. Pet'r's Br. at 13-19. According to Employer, because Claimant left Blue Bell voluntarily (*i.e.*, for a non-work-related medical reason), Claimant was ineligible for benefits unless she could demonstrate that she could no longer perform the lighter, supervisory work for Blue Bell. *Id.* at 13-14. Employer contends that it is against the underlying principle of the law to require an employer to keep employment open for an injured worker where a loss of

---

[6] Employer did not appeal from the denial of its Termination Petition.

4

subsequent employment is unrelated to the prior work injury and where the worker has failed to establish that she was physically incapable of performing her job. *Id.* at 19.[7]

In its second issue, Employer claims that the Board erred in assessing a penalty for its late payment of partial disability benefits. According to Employer, any delay occurred because Claimant had not submitted documentation of her wage loss. Pet'r's Br. at 20-21 (noting that Claimant did not submit her records until November 26, 2018, five months after she had left Blue Bell). Further, according to Employer, the maximum penalty was unwarranted in light of the ongoing litigation between the parties and because Claimant was earning wages equal to or greater than her pre-injury pay. *Id.* at 21.[8]

In its third issue on appeal, Employer claims that the Board erred in awarding quantum meruit attorney's fees for an unreasonable contest. According to Employer, certain of those fees awarded were unrelated to any delay in the payment of benefits. Pet'r's Br. at 22-24. Employer further asserts that it had a reasonable, factual basis to contest the reinstatement of Claimant's total disability and, therefore,

---

[7] Principally, Employer relies on *North Pittsburgh Drywall Co. v. Workers' Compensation Appeal Board (Owen)*, 59 A.3d 30 (Pa. Cmwlth. 2013) (*N. Pittsburgh Drywall*) (observing that if separation was proven to be related to the claimant's work injury, then claimant should continue to receive benefits or have them reinstated; however, if the reason for the separation was not related to the work injuries, either because of bad faith conduct or voluntarily quitting for reasons unrelated to their injuries, benefits would be suspended or not reinstated).

[8] We note that Employer also presents arguments that lack foundation in the record. For example, Employer disputes the penalty imposed because it had no reason to believe that Claimant was entitled to the payment of benefits for any loss of wages following her surgery. *See* Pet'r's Br. at 20-21. However, the WCJ penalized Employer *only* for its unreasonable and excessive delay in the payment of partial disability benefits due while Claimant was employed by Blue Bell *prior to her elective surgery*. WCJ Op., 12/11/20, at 5-6. Employer also criticizes as "questionable" the timing of Claimant's second Penalty Petition, which was filed contemporaneously with her Reinstatement Petition. *See* Pet'r's Br. at 21. The penalty imposed was irrelevant to the Reinstatement Petition as it was based upon the failure to timely pay Claimant's partial disability.

should not be responsible for fees related to work done on the Reinstatement Petition. *Id.* at 24.

### III. ANALYSIS[9]

### A. Burden of Proof and Unrelated Work Injury

The Pennsylvania Supreme Court has held that where a claimant seeking reinstatement of benefits has "already established a work-related injury supporting an award of benefits," then "causation will be presumed if the claimant can demonstrate that: (1) through no fault of his own, his earning power is once again adversely affected by his disability; and (2) the disability which gave rise to his original claim . . . continues." *Latta v. Workers' Comp. Appeal Bd. (Latrobe Die Casting Co.)*, 642 A.2d 1083, 1083-84 (Pa. 1994) (citation omitted); *see also Bufford v. Workers' Comp. Appeal Bd. (N. Am. Telecom)*, 2 A.3d 548, 558 (Pa. 2010). "Once a claimant testifies that his or her prior work-related injury continues, the burden shifts to the employer to prove the contrary." *Latta*, 642 A.2d at 1085.

When a claimant returns to work with restrictions attributable to a work-related injury, is subsequently laid off, and petitions for the reinstatement of benefits, the claimant "is entitled to the presumption that his loss of earning power is causally related to the continuing work injury." *Weber v. Workers' Comp. Appeal Bd. (Shenango, Inc.)*, 642 A.2d 1249, 1252-53 (Pa. Cmwlth. 1999). Once this causal connection is established, either through presumption or affirmative proof, the claimant is "entitled to the reinstatement of benefits unless the employer provides

---

[9] "Our review of the Board's adjudication determines whether constitutional rights were violated, whether an error of law was committed, or whether substantial evidence supports the WCJ's findings of fact." *Holy Redeemer Health Sys. v. Workers' Comp. Appeal Bd. (Figueroa)*, 245 A.3d 355, 357 (Pa. Cmwlth. 2020) (citation omitted). With regard to the credibility determinations of the WCJ, they may not be overturned if they are supported by the substantial evidence of the record. *Taulton v. Workers' Comp. Appeal Bd. (USX Corp.)*, 713 A.2d 142 (Pa. Cmwlth. 1998).

available work within the claimant's restrictions or demonstrates that [the] claimant's present loss of earnings is due to factors unrelated to the work-related injury." *Id.* The employer may meet this burden by showing that the loss of earnings is caused by the "bad faith rejection of available work within the relevant required medical restrictions or by some circumstance barring receipt of benefits that is specifically described under provisions of the Act" or in the Court's case law. *Bufford*, 2 A.3d at 558.

In the instant case, there is no question that Claimant's original injury was work-related. Further, the WCJ credited testimony from Claimant's treating physicians that her disability was ongoing and caused by her work-related injury. Employer does not challenge this determination. Rather, its point of contention is the proper characterization of her subsequent loss of employment at Blue Bell. Employer's argument focuses on the idea that Claimant's subsequent loss of employment was due solely to voluntary acts, *i.e.*, (a) leaving modified employment with Employer, and (b) scheduling an elective surgery for a non-work-related condition when she lacked sufficient FMLA leave.[10] Thus, Employer concludes that it should not be found at fault for Claimant's wage loss because her loss of employment resulted from a voluntary act or bad faith conduct. *See* Pet'r's Br. at 13-19 (citing *N. Pittsburgh Drywall*, 59 A.3d at 41).

In our view, Employer's reliance on *N. Pittsburgh Drywall* is misplaced. In that case, the employer offered the claimant a light-duty position, which he was unable to continue due to transportation difficulties, and the Court

---

[10] With regard to Claimant's non-work-related surgery, the WCJ noted that she had left employment to seek "non-work-related medical attention," and the Board, in its opinion, further clarified that "[s]he required medical attention of a non-work-related matter and was discharged because of it." WCJ Op., 12/11/20, at 5; Bd. Op., 11/12/21, at 5. Employer does not challenge these determinations in any meaningful way.

deemed his leave of employ voluntary. *N. Pittsburgh Drywall*, 59 A.3d at 32-33. In contrast, Claimant was terminated from her position for seeking necessary medical treatment without accrued FMLA leave. *Id.* Employer cited no other cases or provisions in the Act to support this position.

Claimant was terminated from her job at Blue Bell due to an elective surgical procedure.[11] *See* Bd. Op. 11/12/21, at 3. The WCJ concluded that although the surgery might have been elective, Claimant's resulting discharge was involuntary, and substantial evidence supported this finding. Accordingly, *Bufford* applies. Further, as discussed above, Employer's reliance on *N. Pittsburgh Drywall* is misplaced as in that case, the claimant's actions were found to have been in bad faith. The WCJ made a credibility determination that Claimant had acted in good faith, and the Board agreed with this finding; we may not overturn these credibility determinations on appeal where they are supported by the record. Employer cites no case law to support the contention that Claimant's "required medical attention," elective procedure or otherwise, was in bad faith. *See* Bd. Op. 11/12/21, at 5. Further, Employer does not deny its failure to offer Claimant employment but argues that it should not be required to keep employment open for a claimant or find alternative employment indefinitely. Pet'r's Br. at 19. However, the law requires that, if the loss of employment was not due to the claimant's behavior, employer must keep the claimant employed. *Bufford*, 2 A.3d 548.

Here, the main issue is whether Claimant's loss of employment at Blue Bell was due to her own bad faith actions. The WCJ properly determined that it was not and that the disability giving rise to the original claim continued. *Bufford*, 2

___

[11] Employer characterizes Claimant's departure as "voluntarily [leaving] Blue Bell in a suspension status," but in her deposition, Claimant stated that she was terminated. *See* Pet'r's Br. at 20; N.T. Dep., 4/22/19, at 45-46.

8

A.3d at 548; *Latta*, 642 A.2d at 1084-85; *Weber*, 729 A.2d at 1252-53. The burden then shifted to Employer to prove otherwise, and Employer could not. *Latta*, 642 A.2d at 1085. The WCJ then determined properly that, because Employer did not offer Claimant employment within her restrictions, Claimant was entitled to reinstatement of her benefits. *Bufford*, 2 A.3d at 548; *Latta*, 642 A.2d at 1084-85; *Weber,* 729 A.2d at 1252-53.

### B. Penalty Assessment

The WCJ may award penalties where an Employer violates Section 435 of the Act. 77 P.S. § 991(d), added by the Act of February 8, 1972, P.L. 25. In cases of unreasonable or excessive delay, the penalties may be increased to 50% of the amount awarded and interest accrued and payable. 77 P.S. § 991(d)(i). The calculation of penalties is within the WCJ's sole discretion and may not be disturbed absent an abuse of that discretion. *Cleveland Bros. v. Workers' Comp. Appeal Bd. (Hazlett)*, 57 A.3d 199, 202 (Pa. Cmwlth. 2012) (citation omitted).

In the instant case, the WCJ noted the absence of any adequate excuse for the long delay in payment and assessed a 50% penalty. WCJ Op., 12/11/20, at 5-6. The Board agreed. Bd. Op., 11/12/21, at 6. Employer failed to pay Claimant's benefits within a reasonable amount of time after receiving her wage records. Further, even after the filing of the Penalty Petition, Employer took an additional six months to pay Claimant. Under these circumstances, there was no abuse of discretion, and Employer is not entitled to relief. *Cleveland Bros.*, 57 A.3d at 202.

### C. Quantum Meruit Attorney's Fees

Section 440(a) of the Act provides that in a contested case, the WCJ can award to the employee, in addition to compensation, a reasonable sum for costs incurred for attorney's fees. 77 P.S. § 996(a), added by the Act of February 8, 1972,

9

P.L. 25. However, the "fees **may** be excluded when a reasonable basis for the contest has been established[.]" *Id.* (emphasis added).

"The award of attorney's fees is the rule when a claimant prevails in a contested case, unless the record establishes that the employer's contest is reasonably based." *Spangler v. Workers' Comp. Appeal Bd. (Ford)*, 602 A.2d 446, 449 (Pa. Cmwlth. 1992) (citation omitted). "Whether an employer's contest is reasonable for purpose of the award of attorney['s] fees is a question of law." *Id.* The reasonableness of a contest is not solely based upon the facts underlying the issue but can also be based upon an employer's actions during the pendency of the matter. *See, e.g.*, *id.* at 449 (noting that employer's agreement to resolve litigation followed by resolution not being made until ten months after the injury and five months after hearing process initiation was not reasonable).

In the instant case, the WCJ and the Board determined that the failure to pay benefits for over nine months was not reasonable and awarded attorney's fees. Bd. Op. 11/12/21, at 6. Given that other matters were at issue in the proceedings, the WCJ limited the attorney's fees at 50% of the total quantum meruit filings. WCJ Op., 12/11/20, at 5-6. In its appeal from the WCJ's decision, Employer argued that the quantum meruit costs submitted by Claimant's counsel included costs unrelated to the delay of payment of partial disability benefits. Appeal, 12/31/20, at 1-3 (unpaginated). Employer attempted to distinguish the fees paid relative to the Penalty Petition from fees paid relative to the Reinstatement Petition. Pet'r's Br. at 22 (asserting that fees related to mediations for the Reinstatement Petition should not have been awarded). *Id.*

However, the award of attorney's fees for unreasonable delay is discretionary, even where the losing party has presented a reasonable challenge. 77

10

§ 996(a) (noting fees **may** be excluded). In the instant case, the WCJ specifically noted the unreasonable delay as the reason for the award, and limited the fees paid due to other issues in the case. Accordingly, the WCJ's award of fees was reasonable, and on this record, there is no discernable abuse of discretion.[12] *Spangler*, 602 A.2d at 449; 77 P.S. § 996(a).

## IV. CONCLUSION

Substantial evidence supports the WCJ's determination that Claimant's loss of employment was not due to her own bad faith conduct, and accordingly, she was entitled to reinstatement of her benefits. Further, the WCJ did not abuse his discretion in awarding the maximum penalty and attorney's fees based upon Employer's unreasonable delay in paying Claimant her benefits.

LORI A. DUMAS, Judge

---

[12] To the extent that Employer argues that the WCJ erred in awarding attorney's fees for "time incurred by Claimant's counsel that had nothing to do with the prosecution of the Reinstatement Petition," we reject that argument where the statute provides for the award of attorney's fees in cases involving petitions to terminate, reinstate, increase, or otherwise modify compensation awards, and further provides for "a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings." 77 P.S. § 996(a).

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Oak HRC Suburban Woods LLC,      :
                 Petitioner      :
                       :
         v.              :    No. 1370 C.D. 2021
                       :
Carmella Burroughs (Workers'      :
Compensation Appeal Board),      :
                 Respondent    :

# **O R D E R**

AND NOW, this 23rd day of January, 2023, the order of the Workers' Compensation Appeal Board, entered November 12, 2021, in the above-captioned matter is AFFIRMED.

LORI A. DUMAS, Judge